IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re THE LOEWEN GROUP INC. | : | CIVIL ACTION |
| SECURITIES LITIGATION | : | |
| | : | NO. 98-6740 |
| | : | |
| O'NEILL, J. | | JANUARY 5, 2006 |

MEMORANDUM

In this class action, plaintiffs allege that defendants Raymond Loewen and Paul Wagler committed securities fraud by (1) materially misstating the value of TLGI's businesses and properties; (2) failing to record contingent losses on put/call agreements; and (3) failing to account properly for imputed interest on zero interest finance plans.  Now before me is defendants' motion for reconsideration of my order of October 18, 2005 denying defendants' motion for summary judgment, plaintiffs' response, and defendants' reply.  Also before me is defendants' motion to certify my October 18, 2005 order for immediate appeal.

1. Motion for Reconsideration

The factual background of this case can be found in my decisions of July 16, 2003, In re The Loewen Group, Inc. Sec. Litig., No. 98-6740, 2003 WL 22436233 (E.D. Pa. July 16, 2003); August 18, 2004, In re The Loewen Group, Inc. Sec. Litig., No. 98-6740, at 2004 WL 1853137 (E.D. Pa. Aug. 18, 2004); October 18, 2005, In re The Loewen Group, Inc. Sec. Litig., No. 98-6740, at 2005 WL 2660349 (E.D. Pa. Oct. 18, 2005); and November 9, 2005, In re The Loewen Group, Inc. Sec. Litig., No 98-6740, at 2005 WL 3008889 (E.D. Pa. Nov. 9, 2005).

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Sonders v. PNC Bank, N.A., No. 01-3083, 2003 U.S.

Dist. LEXIS 17961, *3 (E.D. Pa. Oct. 9, 2003), quoting Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002). "In a motion for reconsideration, the burden is on the movant . . . to show 'manifest' errors of law or fact or new evidence." Egervary v. Rooney, 80 F. Supp. 2d 491, 506 (E.D. Pa. 2000) (citation omitted).

  A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through--rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D.Pa.1993) (quotations omitted). "Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration." E.E.O.C. v. Dan Lepore & Sons Co., No. 03-5462, 2004 WL 569526, *2 (E.D. Pa. March 12, 2004). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992). Although a party seeking reconsideration has a heavy burden to overcome, I should of course change my opinion if it was wrong.

  Counsel for defendants does not argue that there has been an intervening change in the controlling law or that new evidence that was not previously available has become available. Rather, defendant's counsel appears to argue that I have committed three errors of law and fact. First, defendants claim that I "failed to appreciate that . . . the plaintiffs conceded that the second, and largest, of the charges could not have been material." Second, defendants argue that I misapplied Supreme Court precedent in Dura Pharmaceudicals. Third, defendants argue that I overlooked the holding of a Fifth Circuit Case, ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336 (5th Cir. 2002), which they argue both applies Third Circuit law and is virtually

2

identical to the case at hand. I disagree. Because I addressed the disputed factual issues and analyzed and specifically applied Dura Pharmaceudicals in my October 18, 2005 opinion, I will not expand upon them here. I will briefly address the inapplicability of ABC Arbitrage.

In defendants' motion for reconsideration, they reassert their previous argument that their cases is virtually identical to the Fifth Circuit Court of Appeals decision in ABC Arbitrage. In ABC Arbitrage, plaintiffs alleged that Alcatel misrepresented its financial condition by covering up problems with a German subsidiary, Alcatel SEL, and intentionally overstated its 1997 financial results and contract losses in Southeast Asia and Europe. 291 F.3d at 340. The false and misleading statements were allegedly made in news reports, press releases, Alcatel's 1997 annual report and other publicly filed documents. Id. at 342. On September 17, 1998, Alcatel revealed that its operating performance would not meet expectations due to the impact of sharp investment cuts from traditional operators and the Southeast Asian and Russian crisis on another Alcatel subsidiary, Alcatel Telecom. Id. at 347. The stock price dropped steeply after this announcement. Id.

Many of the plaintiffs' claims were dismissed because they were not pleaded with sufficient particularity to meet the requirements of the PSLRA. Id. at 359. The court then reviewed the materiality of the remaining claims. Id. When reviewing Alcatel's failure to disclose Alcatel SEL's alleged operational problems and losses, the court held that plaintiffs had not proven that Alcatel's growth predictions were false when made. Id. The misstatements were immaterial as a matter of law because plaintiffs did not plead that Alcatel's growth predictions failed to account for its subsidiary's problems. Id. at 361.

Further analyzing the materiality of the plaintiff's claims, the court noted that plaintiffs'

best argument "may be that the complaint alleges that Alcatel SEL's problems and losses and the 1997 financial overstatements contributed to this announced failure to meet expectations." Id. Applying Third Circuit law from In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410 (3d. Cir. 1997), the Fifth Circuit still found Alcatel SEL's losses to be immaterial. 291 F.3d at 361. The court held, "Alcatel did not disclose the alleged financial overstatements or problems and losses at Alcatel SEL in its September 17 statement, or *any alleged public statement thereafter*, and so the sharp price decline of Alcatel ADSs' share price does not support the sufficiency of the allegation of the materiality of this alleged omitted information." Id. at 361-62 (emphasis added).

Defendants argue that under the Fifth Circuit's reasoning in ABC Arbitrage, the TLGI disclosures relied upon by plaintiffs could not be considered the corrective disclosures to prove the materiality and extent of the losses pertaining to imputed interest because the press releases did not specifically mention the imputed interest charges. Defendants point to factual similarities between the cases in support of their argument. I disagree for the following reasons. First, in ABC Arbitrage, the misstatements involved a subsidiary, not the parent company as in this case. The misrepresentations in this case directly impact TLGI shareholders because they concern TLGI, not a TLGI subsidiary. Second, the information in ABC Arbitrage was never disclosed, nor was it linked by the plaintiffs to the original disclosure. In this case, the failure to account for imputed interest was disclosed later, as an explanation for the earlier adjustment disclosures. Unlike in ABC Arbitrage, plaintiffs in this case have offered sufficient evidence to link the prior and latter disclosures.

Finally, defendants' interpretation of the Court of Appeals' rule in In re Burlington Coat

Factory Securities Litigation is illogical. One court has explained these problems with this hypothetical:

> Company X makes glowing financial projections for the year and knowingly misrepresents that Company X has entered into a profitable contract. Because the glowing projections are based on the false representations regarding the profitable contract, halfway through the year, Company X is forced to amend its projections, projecting a poor second half of the year. The stock price of Company X plummets. The reason that Company X restates its projections is because the revenue from the unsecured contract is not forthcoming, but Company X does not disclose that this is the reason for the restatement, and manages to keep the true reason secret. If Defendant's argument were accepted, Company X's misrepresentations about the profitable contract would be immaterial and thus non-actionable.

In re Blockbuster Inc. Sec. Litig., 2004 U.S. Dist. LEXIS 7173 (N.D. Tex. 2004) at *25. I agree with that court's reasoning. Plaintiffs have alleged that the stock price dropped as a result of adjustments made by TLGI and that at least some of those adjustments were caused by TLGI's failures to properly account for imputed interest. They have offered enough evidence to survive summary judgment for the imputed interest claim.

2. Interlocutory Appeal

I also deny TLGI's motion for certification of my October 18, 2005 decision for an immediate appeal. I do not believe that my earlier order involved a controlling question of law as to which there is a substantial ground for difference of opinion or that an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. 1292(b) (2005).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re THE LOEWEN GROUP INC. | : | CIVIL ACTION |
| SECURITIES LITIGATION | : | |
| | : | |
| | : | NO. 98-6740 |

ORDER

AND NOW, this 5th day of January 2006, upon consideration of the defendants' motions for reconsideration and certification of an immediate appeal, plaintiffs' response, and defendants' reply thereto, and for the reasons set forth in the accompanying memorandum, it is ORDERED that defendants' motions are DENIED.

s/Thomas N. O'Neill, Jr.<br>
THOMAS N. O'NEILL, JR., J.